IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN M. TAYLOR,

        Plaintiff,                        No. CIV S-10-1136 GEB DAD PS

       v.

MIKE DONLEY, Secretary        FINDINGS AND RECOMMENDATIONS
of the United States Air Force,

        Defendant.
_____/

        Plaintiff, Karen Taylor, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This matter was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff alleges that her complaint is based on wrongful termination "due to the loss of 30 years of service with my employer." (Compl. (Doc. No. 1) at 1.) That statement is the entirety of the factual allegations found in plaintiff's complaint. Attached to plaintiff's complaint is a Denial of Consideration from the Equal Employment Opportunity Commission ("Commission") which states in part that plaintiff was removed from her employment effective January 26, 2007, alleged that she was discriminated against and that the Commission denied her petition for review. In this regard, the Commission's Denial of Consideration is significantly more informative than plaintiff's complaint. "Although the Federal Rules of Civil Procedure

2

adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555, 557. A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

More importantly however, the court's records reflect that prior to commencing this action on May 7, 2010, plaintiff filed a complaint on April 24, 2008, also naming as a defendant the Secretary of the United States Air Force and alleging that due to the defendant's actions on January 26, 2007, plaintiff lost "26 years of service."[1] See Karen M. Taylor v. Micheal B. Donley, Case No. CIV S-08-0869 JAM DAD PS, Apr. 24, 2008 Original Compl. (Doc. No. 1) at 2. The docket in the action filed by plaintiff in 2008 reflects that plaintiff's complaint was served, defendant filed an answer, discovery was conducted and the parties are currently awaiting a ruling from the undersigned on defendant's pending motion for summary judgment.

It is well established that federal district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases. See Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (noting that "the general rule is to avoid duplicative litigation."). "A litigant has no right to maintain a second action duplicative of

---

[1] A court may take judicial notice of its own files and documents. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

another." Barapind v. Reno, 72 F. Supp.2d 1132, 1145 (E.D. Cal. 1999) (citing The Haytian Republic, 154 U.S. 118, 124 (1894)). Similarly, "[a] litigant 'ha[s] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d. Cir. 1977) and citing Friends of the Earth, Inc. v. Crown Central Petroleum Corp., 95 F.3d 358, 362 (5th Cir. 1996)). A suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions. Barapind, 72 F. Supp.2d at 1145 (quotation and citation omitted). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" Adams v. California Dep't of Health Svcs., 487 F.3d 684, 692-93 (9th Cir. 2007) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952)).

   Here, the undersigned finds that this action is duplicative of Karen M. Taylor v. Micheal B. Donley, Case No. CIV S-08-0869 JAM DAD PS filed in this court. Plaintiff's 2008 case is still pending before this court and a dispositive motion is under submission in that earlier filed action. The court finds that in order to conserve scarce judicial resources and promote the efficient and comprehensive disposition of cases, this action should be dismissed.

   Accordingly, IT IS HEREBY RECOMMENDED that:

   1. Plaintiff's May 7, 2010 application to proceed in forma pauperis (Doc. No. 2) be denied; and

   2. This action be dismissed as duplicative of the 2008 action filed by plaintiff which is currently pending in this court.

   These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 4, 2011.

                                               _/s/ Dale A. Drozd_
                                               DALE A. DROZD
                                               UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.prose\taylor1136.ifp.dwolta.f&rs